Sarah Stasch, WSBA #26987
STASCH LAW LLC
33530 First Way South Suite 102
Federal Way, WA  98003

Of Counsel to
LEMBRG LAW LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (253) 253-0539
Facsimile: (253) 253-0701
Email: staschlaw@gmail.com

Attorneys for Plaintiff
Natalya Altman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Natalya Altman,<br><br>            Plaintiff,<br><br>    vs.<br><br>GrubHub Inc.,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227** *ET. SEQ*<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Natalya Altman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Natalya Altman (hereafter "Plaintiff"), is an adult individual residing in Seattle, Washington, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, GrubHub Inc. ("GrubHub") is a Delaware business entity with an address of 111 West Washington Street, #2100, Chicago, Illinois 60602, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Starting in July 2017, Plaintiff began receiving automated text messages on her cellular telephone from telephone number (510) 727-5473 from GrubHub.

6. The messages were sent to Plaintiff's cellular telephone number XXX-XXX-3337.

7. Each messages stated that "A new delivery has been assigned to you:" and then listed an individual's name and address.

8. The messages were composed of pre-written templates of text. Indeed, each message received by Plaintiff was identical or followed similar templates:

> A new delivery has been assigned to you: [Customer's name] at [Customer's address].

9. Plaintiff has never used GrubHub's services and has never worked for GrubHub. Nor did Plaintiff ever provide GrubHub her cellular telephone number.

10. Plaintiff received hundreds of messages from GrubHub following the exact same template.

11. The text templates were automatically filled, with no human involvement, utilizing computer algorithms. Using computer programming code, and replacing values, Defendant's computer programs convert the template text into messages like those received by Plaintiff. Thus, what may have appeared to be a customized message was, in fact, created through a computer algorithm with no human involvement.

12. The computer algorithms filled the text templates with data automatically obtained by GrubHub through either GrubHub's cellular telephone application or its website. GrubHub's text messaging system then automatically sent the templated messages to Plaintiff's cellular telephone without any human involvement in the drafting or directing of the message.

13. Defendant obtained Plaintiff's cellular telephone number through means unknown to Plaintiff. Upon information and belief, Plaintiff's cellular telephone number was obtained from or in connection with one of its delivery drivers.

14. Defendant then stored Plaintiff's cellular telephone number in its text messaging system with thousands of other consumers' telephone numbers and automatically messaged it any time an 'order' was placed on said account.

15. No human directed any single text message to Plaintiff's number.

16. The messages received by Plaintiff indicated no mechanism for Plaintiff to opt out of their continued receipt.

17. Frustrated and inconvenienced by receipt of text messages she did not request or take any action to cause, Plaintiff called GrubHub's customer services on or about November 3, 2017 and November 4, 2017. During the calls, Plaintiff advised GrubHub that she was receiving the texts in error and directed GrubHub to remove her number from its system and to cease all communications with her.

18. Nevertheless, GrubHub continued to send automated text messages to Plaintiff.

19. On November 28, 2017, Plaintiff posted the following message on GrubHub's Facebook account: "Grubhub has been sending me texts every day and seem to think I am a delivery person for them. I do not work for you and have never even ordered anything on your site. Please remove my number immediately."

20. After Plaintiff provided GrubHub with her number in connection with her Facebook complaint, GrubHub noted, in part, that "One of our drivers may have gave us the wrong number we will take care of that for you."

21. Nonetheless, GrubHub continued to send automated texts messages to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant sent multiple automated text messages to Plaintiff's cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

24. Plaintiff never provided express consent to Defendant to send text messages to her cellular telephone number.

25. Moreover, Plaintiff directed Defendant to cease all text messages to her cellular telephone.

26. The messages from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Defendant sent text messages to Plaintiff's cellular telephone knowing that it lacked consent to send text messages to her cellular telephone number.  As such, each text message placed to Plaintiff was made in knowing and/or willful

violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is entitled to an award of $500.00 in statutory damages for each text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

29. As a result of each text message made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 28, 2017

By: */s/ Sarah Stasch*
Sarah Stasch, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Natalya Altman